EMILY T. KUWAHARA (SBN 252411)
  ekuwahara@crowell.com
URI NIV (SBN 307487)
  univ@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA  90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

KRISTIN J. MADIGAN (SBN 233436)
  kmadigan@crowell.com
SUZANNE E. RODE (SBN 253830)
  srode@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

[Additional Counsel Listed on Next Page]

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA and MICHAEL V. DRAKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AARON KHERIATY, M.D., | Case No. 8:21-cv-01367-JVS-KES |
| Plaintiff, | **DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. PROC. 12(b)(1)** |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a corporation, and MICHAEL V. DRAKE, in his official capacity as President of the UNIVERSITY OF CALIFORNIA, | Date:     October 18, 2021<br>Time:     1:30 p.m.<br>Place:    Courtroom 10C<br>Judge:   Hon. James V. Selna |
| Defendants. | |

CHARLES F. ROBINSON (SBN 113197)
charles.robinson@ucop.edu
NORMAN J. HAMILL (SBN 154272)
norman.hamill@ucop.edu
KATHARINE ESSICK (SBN 219426)
katharine.essick@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607
Telephone: 510.987.9800
Facsimile: 510.987.9757

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA AND MICHAEL V. DRAKE

# INTRODUCTION

Plaintiff Aaron Kheriaty, M.D., a Professor of Psychiatry and Human Behavior at the University of California Irvine School of Medicine, brought suit against Defendants The Regents of the University of California ("The Regents") and President Michael V. Drake, M.D. ("President Drake"), in his official capacity, challenging the University of California's ("UC") COVID-19 vaccine policy ("Policy"). Plaintiff's claims brought against The Regents are barred by the Eleventh Amendment of the U.S. Constitution. This Court therefore lacks subject matter jurisdiction, and the claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

# BACKGROUND

On or about July 15, 2021, UC issued its final Policy requiring that students and employees "be fully vaccinated against COVID-19 before physically accessing the University's Locations and Programs." Compl. ¶ 51, ECF No. 1. Dr. Kheriaty challenges this Policy, claiming that the UC Policy violates both the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment. *See generally* Compl., ECF No. 1. Specifically, Plaintiff brings his claim under 42 U.S.C. § 1983 and further seeks fees under the accompanying 42 U.S.C. § 1988(b) and injunctive and declaratory relief. Compl. ¶ 86, ECF No. 1.

# ARGUMENT

**A. Legal Standard**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, "a defendant may move to dismiss a complaint for lack of subject matter jurisdiction." *Deanco Healthcare, LLC v. Becerra*, 365 F. Supp. 3d 1029, 1034 (C.D. Cal. 2019) *aff'd*, 806 F. App'x 581 (9th Cir. 2020) (dismissing Defendants, the Office of the Attorney General (OAG) and the State of California, stating that "[t]he OAG is undoubtedly an arm of the state" and thus "entitled to immunity under the Eleventh

Amendment"). The Court should grant a motion to dismiss for lack of subject matter jurisdiction if, "looking at the complaint as a whole, it appears to lack federal jurisdiction either 'facially' or 'factually.'" *Laurie Q. v. Callahan*, 973 F. Supp. 925, 928 (N.D. Cal. 1997) (quoting *Thornhill Publishing Co. v. General Telephone & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "A Rule 12(b)(1) motion based on sovereign immunity is a challenge to the factual existence of subject matter jurisdiction." *Engasser v. Tetra Tech, Inc.*, No. 219CV07973ODWPLAX, 2021 WL 911887, at *2 (C.D. Cal. Feb. 9, 2021). In considering a factual attack, "the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. (quotations and citation omitted).

### B. The Claims Against The Regents Are Barred by the Eleventh Amendment.

"The Eleventh Amendment protects states and state instrumentalities, such as The Regents, from suit in federal court." *Doe v. The Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). The Regents is an instrumentality of the state. *See Doe v. Lawrence Livermore Nat'l Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997).

None of the exceptions to sovereign immunity applies here. "There are three exceptions to this rule: (1) 'Congress may abrogate that immunity pursuant to its lawmaking powers; (2) 'a state may waive its Eleventh Amendment immunity by consenting to suit'; and (3) 'immunity does not apply when the plaintiff' sues a state official in his or her official capacity[1] for prospective injunctive relief." *Deanco Healthcare, LLC*, 365 F. Supp. 3d at 1035 (citations omitted) (dismissing claims against the State of California with prejudice).

---

[1] This Motion to Dismiss is filed on behalf of The Regents only. Defendant President Drake will file a response to the complaint at a later date, consistent with the timing of service.

First, Congress has not abrogated immunity. Indeed, The Regents is not subject to suit under 42 U.S.C. § 1983. Section 1983 allows suits against "person[s]." 42 U.S.C. § 1983. As a state instrumentality, The Regents is not "a person" under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (excluding states from the definition of "persons" in section 1983 actions).

Second, The Regents has not waived its Eleventh Amendment immunity. Any waiver and consent to suit must be unequivocally expressed. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The Regents has not expressed consent to be sued.

Finally, The Regents is a corporation established under the Constitution of the State of California and is not a state official. *See* California Constitution, Article IX, section 9 ("The University of California shall constitute a public trust, to be administered by the existing corporation known as 'The Regents of the University of California'").

Accordingly, all claims against The Regents must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant The Regents respectfully requests that this Court grant this Motion and dismiss all claims against The Regents.

DATED: September 14, 2021     CROWELL & MORING LLP

By: */s/ Emily T. Kuwahara*
Emily T. Kuwahara
Kristin J. Madigan
Suzanne E. Rode
Uri Niv
Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and MICHAEL V. DRAKE