EMILY T. KUWAHARA (SBN 252411)
  ekuwahara@crowell.com
URI NIV (SBN 307487)
  univ@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA  90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

KRISTIN J. MADIGAN (SBN 233436)
  kmadigan@crowell.com
SUZANNE E. RODE (SBN 253830)
  srode@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

[Additional Counsel Listed on Next Page]

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA and MICHAEL V. DRAKE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| AARON KHERIATY, M.D.,<br><br>            Plaintiff,<br><br>      v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a corporation, and MICHAEL V. DRAKE, in his official capacity as President of the UNIVERSITY OF CALIFORNIA,<br><br>            Defendants. | Case No. 8:21-cv-01367-JVS-KES<br><br>**ANSWER OF DEFENDANT MICHAEL V. DRAKE, M.D. TO PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1    CHARLES F. ROBINSON (SBN 113197)
         Charles.Robinson@ucop.edu
2    NORMAN J. HAMILL (SBN 154272)
         Norman.Hamill@ucop.edu
3    KATHARINE ESSICK (SBN 219426)
         Katharine.Essick@ucop.edu
4    UNIVERSITY OF CALIFORNIA
     Office of General Counsel
5    1111 Franklin Street, 8th Floor
     Oakland, CA  94607
6    Telephone: 510.987.9800
     Facsimile: 510.987.9757
7
     Attorneys for Defendants
8    THE REGENTS OF THE UNIVERSITY OF
     CALIFORNIA AND MICHAEL V. DRAKE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWER

Defendant Dr. Michael V. Drake, M.D., sued in in his official capacity as the President of the University of California ("Defendant"), submits this Answer in response to Plaintiff's Complaint and pleads as follows, with the numbered paragraphs corresponding to the paragraph numbers in the Complaint. All allegations not expressly admitted are hereby denied. Any allegations that may be implied or inferred from the headings or footnotes of the Complaint are denied.

## NATURE OF THE ACTION

1.      The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

2.      Defendant admits that the human body has an immune system, capable of protecting humans against a wide variety of pathogenic viruses, and denies the remaining allegations in this paragraph.

3.      Defendant denies the allegations set forth in this paragraph.

4.      Defendant admits that some studies have found that an individual vaccinated for COVID-19 can become infected with SARS-CoV-2 and have virus in their nasopharynx. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

5.      Defendant admits that the new policy was enacted to protect the health and safety of the University community. Defendant further admits that the language quoted in this paragraph appears in the UC Policy. Defendant denies the remaining allegations set forth in this paragraph.

6.      Defendant admits that Plaintiff is a physician and professor of Psychiatry and Human Behavior at the UCI School of Medicine ("UCI").

Defendant admits that some studies have found that an individual vaccinated for COVID-19 can become infected with SARS-CoV-2 and have virus in their nasopharynx. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

7.     Defendant admits the following cited source, available at https://www.washingtonpost.com/health/2021/07/29/cdc-mask-guidance/, includes the language quoted in this paragraph.  Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

8.     The allegations in this Paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

9.     The allegations in this Paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

10.     The allegations in this Paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

## PARTIES

11.     Defendant admits that Plaintiff is an individual who resides in Orange County, California. Defendant also admits that Plaintiff is currently employed at the University of California, Irvine, School of Medicine.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

DEF.  DRAKE'S ANSWER TO COMPL.;
Case No. 8:21-cv-01367-JVS-KES

12.     Defendant admits that The Regents of the University of California ("The Regents") is a California Corporation empowered under Article IX, Section 9 of the California Constitution.  Defendant admits that The Regents is responsible for the implementation, and enforcement, of the challenged policy, and, since its enactment, has directed, implemented, and enforced the policy.

13.     Defendant admits that he is the President of the University of California. Defendant admits that he is responsible for the implementation, and enforcement, of the challenged policy, and, since its enactment, has directed, implemented, and enforced the policy.

14.     Defendant admits that he and The Regents are responsible for enforcing, have enforced, and will continue to enforce in the future, the challenged policy against Plaintiff. Defendant denies the allegations in this paragraph to the extent that it generally references other paragraphs in the complaint as a description of Defendant's responsibilities and conduct.

## JURISDICTION AND VENUE

15.     Defendant admits that this Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a).

16.     Defendant admits that venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

**Heading I.**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in Heading I, and on that basis denies those allegations made in Heading I.

17.     Defendant admits that Plaintiff is a professor of Psychiatry and Human Behavior at the UCI School of Medicine and the director of the Medical Ethics Program at UCI Health. Defendant admits that Plaintiff's residency training was at

UCI from 2003-2007, and that, in 2007, Plaintiff was hired by UCI as a Health Sciences Assistant Clinical Professor. Defendant admits that, in 2013, Plaintiff was promoted to Health Sciences Associate Clinical Professor and in 2019, Plaintiff was promoted again to Health Sciences Clinical Professor and holds this position currently.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in this paragraph, and on that basis denies those allegations made in this paragraph.

**Heading II.** Defendant denies the allegations set forth in Heading II.

19.    Defendant admits that Governor Newsom instituted a stay at home order in California on March 19, 2020, but denies Plaintiff's characterization of the order. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations set forth in this paragraph, and on that basis denies those allegations made in this paragraph.

20.    Defendant admits that the cited source, updated March 21, 2020, and available at https://stacks.cdc.gov/view/cdc/86068/cdc_86068_DS1.pdf, states, "In the coming months, most of the U.S. population will be exposed to this virus." Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

21.    Defendant admits that UC is a public university intended to serve the residents of California and is open to students from around the world. Defendant also admits that UC currently has more than 280,0000 students and more than 227,000 faculty and staff. Defendant denies the remaining allegations set forth in this paragraph.

22.    Defendant denies the allegations set forth in this paragraph.

**Heading III.** Defendant denies the allegations set forth in this Heading III.

23.     Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant denies the allegations made in this paragraph.

**Heading A.** Defendant denies the allegations set forth in this Heading A.

24.     Defendant admits that the human body can develop immunity to new viruses. Except as expressly admitted, Defendant denies the remaining allegations in this Paragraph.

25.     Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

26.     Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

27.     Defendant admits the following cited source, available at https://www.wsj.com/articles/herd-immunity-is-near-despite-faucis-denial-11616624554, includes the language quoted in this paragraph.  Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

28.     Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant denies the allegations made in this paragraph.

**Heading B.** Defendant denies the allegations set forth in Heading B.

 **Heading i.** Defendant denies the allegations set forth in Heading i.

29. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant denies the allegations made in this paragraph.

30. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

31. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

 **Heading ii**. Defendant denies the allegations set forth in Heading ii.

32. Defendant admits that the cited sources, available at https://www.fda.gov/media/144416/download; https://www.fda.gov/media/144673/download; and https://www.fda.gov/media/146338/download discuss data in connection with Emergency Use Authorization of the Pfizer, Moderna, and Janssen COVID-19 Vaccines. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

33. Defendant admits that the cited sources, available at https://www.fda.gov/media/144414/download,

https://www.fda.gov/media/144638/download, and

https://www.fda.gov/media/146305/download each state that the vaccine "may not

protect everyone." Defendant also admits FAQ No. 4 to the UC Policy, available at

https://policy.ucop.edu/doc/5000695/SARS-Cov-2, states "Is this a one-time

mandate or will I be required to get boosters or annual shots? This is a permanent

policy. Infectious disease experts anticipate that annual or more frequent boosters

will be necessary and receipt of boosters will be required, consistent with product

labeling, in the same way that the initial vaccination is required by this policy and

subject to the same Exceptions and Deferrals." Defendant also admits that the cited

sources, available at

https://www.cdc.gov/vaccines/acip/meetings/downloads/slides-2021-06/06-

COVID-Oliver-508.pdf and https://www.nytimes.com/2021/04/16/world/pfizer-

vaccine-booster.html, discuss COVID-19 vaccine boosters. Because the scientific

evidence is still maturing with respect to questions relating to infection-induced

immunity, Defendant denies the remaining allegations made in this paragraph.

Except as expressly admitted, Defendant denies the allegations in this paragraph.

34.    Defendant admits that the cited source, https://www.theblaze.com/op-

ed/horowitz-israeli-government-data-shows-naturalimmunity-from-infection-much-

stronger-than-vaccine-induced-immunity#toggle-gdpr, includes quotes from Dr.

Ryan Cole. Because the scientific evidence is still maturing with respect to

questions relating to infection-induced immunity, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

set forth in this paragraph. Except as expressly admitted, Defendant denies the

allegations in this paragraph.

35.    Because the scientific evidence is still maturing with respect to

questions relating to infection-induced immunity, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in

this paragraph. Except as expressly admitted, Defendant denies the allegations in

this paragraph.

36.     Defendant admits that an email dated July 17, 2021, from the Associate Dean for Graduate Medical Education for UC Irvine School of Medicine, includes the quoted text.  Defendant admits that an email dated July 22, 2021, was addressed to Medical Directors but denies any reference to "UC cases" in the quoted text, which appears to be a typographical error by Plaintiff. Defendant admits that an email dated July 27, 2021, was addressed to MS1 and MS2 Course Directors, and includes the quoted text. Defendant denies that these emails "reflect the reality that natural infection provides for greater protection." Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

37.     Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

38.     Defendant denies the allegations set forth in this paragraph.

39.     Defendant denies the allegations set forth in this paragraph.

**Heading iii.** Defendant denies the allegations set forth in Heading iii.

40.     Defendant admits that the cites source, available at https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html, states, "There is evidence that vaccination may make illness less severe for those who are vaccinated and still get sick."  Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant denies the remaining allegations made in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

41.     Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

42.     Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

43.     Defendant admits that the cited source, available at https://twitter.com/CNNSitRoom/status/1423422301882748929, includes a video recording of Wolf Blitzer interviewing CDC Director Dr. Rochelle Walensky. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

44.     Defendant admits that the cited source, available at https://summit.news/2021/05/26/johns-hopkins-prof-half-of-americans-have-natural-immunity-dismissing-it-is-biggest-failure-of-medical-leadership/, purports to include a quote from Dr. Marty Makary, however, the language in the cited source differs from the language in this paragraph. Defendant denies the remaining allegations set forth in this paragraph.

**Heading IV**. Defendant denies the allegations set forth in Heading IV.

45.     Defendant denies the allegations set forth in this paragraph.

**Heading A.** Defendant denies the allegations set forth in Heading A.

46.     Defendant admits that the authors identified as "Raw, et al.", "Mathiousakis, et al.", and "Kramer, et al." appear to have published on the topic of COVID-19 but there are no citations to confirm the exact studies referenced. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

**Heading B.** Defendant denies the allegations set forth in Heading B.

47.     Defendant denies the allegations set forth in this paragraph.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations set forth in this paragraph, and on that basis denies those allegations made in this paragraph.

49.     Defendant admits that the cited source, on page 27, and available at https://www.cdc.gov/vaccines/acip/meetings/downloads/slides-2021-06/03-COVID-Shimabukuro-508.pdf, includes a table with data on preliminary reports to VAERS. Defendant also admits that the cited source, available at https://www.fda.gov/news-events/press-announcements/joint-cdc-and-fda-statement-johnson-johnson-covid-19-vaccine, states that "[a]s of April 12, more than 6.8 million doses of the Johnson & Johnson (Janssen) vaccine have been administered in the U.S. CDC and FDA are reviewing data involving six reported U.S. cases of a rare and severe type of blood clot in individuals after receiving the J&J vaccine.". Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations set forth in this paragraph, and on that basis denies those allegations made in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

50.     Defendant denies the allegations set forth in this paragraph.

## V.    THE MANDATE IMPLEMENTED BY UC

51.     Defendant admits that the UC system released its final COVID-19 Vaccination Program Policy on July 15, 2021 and admits that UC has enforced the policy. Defendant also admits that the purpose of the policy "is to facilitate protection of the health and safety of the University community" by requiring the UC community to "be fully vaccinated against COVID-19 before physically accessing the University's Locations and Programs."

52.     Defendant admits that the policy states "compliance will require repeat vaccinations or boosters on an annual or recurring basis consistent with FDA-approved labeling and CDC recommendations." Defendant also admits that the quoted language appears in the Frequently Asked Questions section of the policy. Defendant denies all remaining allegations set forth in this paragraph.

53.     Defendant admits that Plaintiff is not entitled to an exemption from the policy based on prior exposure alone. Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this paragraph.

54.     The allegations in this Paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

55.     The allegations in this Paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

**Heading VI.** The allegations in this Heading VI set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in Heading VI.

**Heading A.** The allegations in this Heading A set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in Heading A.

56.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

57.     Defendant admits that one of the purposes of the policy is to protect members of the UCI community from COVID-19; its stated purpose is to facilitate protection of the health and safety of the entire UC community. Defendant denies the remaining allegations set forth in this paragraph.

58.     Defendant admits that individuals who demonstrate proof that they are fully vaccinated may come onto campus. Defendant also admits that individuals with infection-induced immunity will not be allowed to return to campus. Defendant denies the remaining allegations set forth in this paragraph.

**Heading VII.** The allegations in this Heading VII set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in Heading VII.

59.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

60.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

61.     Defendant admits that Plaintiff will not be able to attend in-person meetings or events on campus, at clinics, or in the hospital. Defendant denies the remaining allegations set forth in this paragraph.

62.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be

required, Defendant denies the allegations set forth in this paragraph.

## COUNT I

### For Declaratory and Injunctive Relief

### (Fourteenth Amendment of the U.S. Constitution, Equal Protection)

63.     Defendant incorporates by reference the preceding paragraphs as though such paragraphs were fully stated herein.

64.     Defendant admits that the quoted language appears in the Fourteenth Amendment.

65.     Defendant admits that the quoted language appears in the policy and also admits that those with infection-induced immunity are not exempted from the policy.

66.     Because the scientific evidence is still maturing with respect to questions relating to infection-induced immunity, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Except as expressly admitted, Defendant denies the allegations in this Paragraph.

67.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

68.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant admits the allegations set forth in this paragraph.

69.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

70.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

71.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

72.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

73.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

74.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

75.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

76.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

## COUNT II

### For Declaratory and Injunctive Relief

### (Fourteenth Amendment of the U.S. Constitution, Substantive Due Process)

77.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

78.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

79.     The allegations in this paragraph set forth legal argument and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

80.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

81.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

82.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

83.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

84.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

85.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

86.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

87.     The allegations in this paragraph set forth legal argument and conclusion, which do not require a response. To the extent a response may be required, Defendant denies the allegations set forth in this paragraph.

FN. 25. Defendant denies the allegations set forth in this footnote.  All other footnotes in the Complaint contain quotes and cites only and require no response.

To the extent a response may be required, Defendant denies the allegations set forth in all footnotes.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief sought in his PRAYER FOR RELIEF as it pertains to Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and without admitting any facts alleged by Plaintiff, Defendant sets forth the following separate and affirmative defenses to Plaintiff's complaint, on personal knowledge as to his own actions and on information and belief as to the actions of others. By pleading these defenses, Defendant does not concede that he bears the burden of proof or persuasion on any of these issues or on any issue raised through the pleadings. Defendant reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing for his claims, as Plaintiff cannot demonstrate that he has suffered an injury in fact and that he has lost money or property because of Defendant's alleged actions. Furthermore, regardless of the UC Policy, Plaintiff would still be required to be vaccinated pursuant to the California Department of Public Health Order (CDPH Order) directing healthcare professionals to be fully vaccinated.  Therefore, redressability is lacking to satisfy standing under Article III.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiff's claims fail to state facts sufficient to constitute any cause of action as to Defendant.

1

## THIRD AFFIRMATIVE DEFENSE

2

### (Mootness)

3      The issues in this action are moot in that, as a healthcare professional,

4  Plaintiff is required to be vaccinated pursuant to the CDPH Order.

5

## FOURTH AFFIRMATIVE DEFENSE

6

### (Exhaustion)

7      Plaintiff's claims are barred because he failed to exhaust available remedies

8  under the UC Policy, including the option to apply for an exemption.

9

## FIFTH AFFIRMATIVE DEFENSE

10

### (No Injury or Damage)

11     Plaintiff cannot obtain the relief sought in this action because he has not

12  suffered any damage or injury due to any act or omission by Defendant.

13

## SIXTH AFFIRMATIVE DEFENSE

14

### (Additional Defenses)

15     Defendant hereby gives notice that he intends to rely upon any other defenses

16  that may become available or appear during the discovery proceedings in this case,

17  and hereby reserves the right to amend his answer to assert any such defenses.

18  DATED: September 17, 2021          CROWELL & MORING LLP

19

20                                    By:  */s/ Emily T. Kuwahara*

21                                         Emily T. Kuwahara
                                           Kristin J. Madigan
22                                         Suzanne E. Rode
                                           Uri Niv
23                                         Attorneys for Defendants
                                           THE REGENTS OF THE UNIVERSITY
24                                         OF CALIFORNIA and MICHAEL V.
                                           DRAKE
25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-