JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion for Judgment on the Pleadings

Defendant Michael Drake, M.D. ("Drake") filed a motion for judgment on the pleadings. Mot., Dkt. No. 46. Plaintiff Aaron Kheriaty, M.D., ("Kheriaty") filed a response. Opp'n, Dkt. No. 54. Drake filed a reply. Reply, Dkt. No. 58.

For the following reasons, the Court **GRANTS** the motion for judgment on the pleadings.

**I. BACKGROUND**

This case concerns the constitutionality of the University of California's COVID-19 vaccine policy. On July 15, 2021, the Regents of the University of California ("Regents") enacted the University of California Policy regarding the COVID-19 Vaccination Program ("Vaccine Policy") which requires all students, faculty, and staff, with limited exemptions, to be fully vaccinated against COVID-19 before accessing University of California ("University") facilities. "Policy," Dkt. No. 47-1, Ex. 1. Kheriaty is a professor of Psychiatry and Human Behavior at the University of California Irvine ("UCI") School of Medicine and the director of the Medical Ethics Program at the UCI School of Medicine. Compl., Dkt. No. 1 ¶ 17. As an employee of UCI, Kheriaty is subject to the Vaccine Policy. Id. ¶¶ 5-6. Kheriaty contracted COVID-19 in July 2020 and has since fully recovered. Id. ¶ 7. Kheriaty seeks declaratory relief enjoining the University from enforcing the Vaccine Policy against him because he alleges that as a result of his prior infection with COVID-19, he has superior immunity to COVID-19 than vaccinated individuals. Id. ¶ 10.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-1367 JVS (KESx)                                    Date   December 8, 2021

Title   Aaron Kheriaty v. Regents of the University of California, et al.

While the parties disagree about the safety and effectiveness of the COVID-19 vaccines, as well as the relative merits of vaccine-induced immunity compared with infection-induced immunity, for the purposes of a motion for judgment on the pleadings, the Court must assume the truth of the allegations in the complaint. Thus, this factual background relies on Kheriaty's complaint.

*A.    COVID-19 and Vaccines*

The first confirmed case of COVID-19 in California occurred on January 22, 2020. Id. ¶ 19. In the nearly two years since, the COVID-19 pandemic upended everyday life across the globe. Kheriaty alleges that more than 120 million individuals in the United States contracted COVID-19 as of May 2021. Id. ¶ 29. The global effort to develop vaccines began in early 2020, shortly after SARS-CoV-2 was identified as the cause of COVID-19. Clinical trials showed that the Pfizer vaccine had 95% efficacy, the Moderna vaccine had 94.5% efficacy and the Johnson & Johnson vaccine had 67% efficacy. Id. ¶ 32. Despite the successful clinical trials and approval from government regulators, Kheriaty raises a number of concerns about the COVID-19 vaccines.

First, Kheriaty questions the safety of the COVID-19 vaccines. He alleges that studies show a higher rate of adverse reactions to the vaccine among individuals with infection-induced immunity. Id. ¶ 46. He also alleges that the general population faces substantial risks from vaccination, in part because user-reported entries into the CDC's Vaccine Adverse Event Reporting System show that the rate of serious reactions to the COVID-19 vaccine are significantly higher than indicated by CDC tracking. Id. ¶ 47-48. Additionally, Kheriaty alleges that post-vaccination cases of myocarditis, pericarditis, thrombocytopenia, and blood clots could be linked to COVID-19 vaccination. Id. ¶ 49.

Next, Kheriaty alleges that the vaccines are not effective at preventing infections. He alleges that a study of a community outbreak in Massachusetts found that most individuals who were infected were previously vaccinated, id. ¶ 42, and that Rochelle Walensky, the Director of the Centers for Disease Control and Prevention ("CDC"), stated during a CNN appearance that the vaccines can no longer prevent transmission. Id. ¶ 43. Kheriaty also alleges that studies of monkeys suggest that the COVID-19 vaccines do not fully block viral infection and replication. Id. ¶ 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-1367 JVS (KESx)                    Date  December 8, 2021

Title  Aaron Kheriaty v. Regents of the University of California, et al.

    Finally, Kheriaty alleges that infection-induced immunity provides superior protection than vaccine-induced immunity. Kheriaty alleges that infection-induced immunity is definitively more than 99% effective at preventing reinfection. Id. ¶ 39. As support for that proposition, he alleges that as of May 2021 there were no documented cases of re-infected individuals contracting SARS-Cov-2 and transmitting the virus. Id. He also alleges that studies show that infection-induced immunity lasts for at least 10 months, and alleges that some researchers have concluded that it could be lifelong based on the similarity to other viruses. Id. ¶¶ 27, 30. Kheriaty also alleges that studies from Israel, French Guiana, and the Cleveland Clinic suggest that infection-induced immunity may be more effective than vaccine-induced immunity. Id. ¶¶ 30, 35. Kheriaty alleges that those data conclusively show that infection-induced immunity "confers an additional benefit" over vaccine-induced immunity. Id. ¶ 40.

    B.    *University of California Vaccine Policy*

    Throughout the pandemic, the Regents adopted numerous new University-wide policies in response to rapidly changing public health conditions and scientific knowledge. After more than a year of online instruction, the University is resuming in-person activities this fall, with more than 280,000 students and over 227,000 faculty and staff returning to locations across the state of California. Id. ¶ 8. On July 15, 2021, the University issued the Vaccine Policy "to facilitate protection of the health and safety of the University community." Policy at 2. The Vaccine Policy requires every member of the campus community, including students, faculty, and staff, to receive a COVID-19 vaccination as a condition of access to University facilities. Id. The Vaccine Policy does provide exceptions on the basis of medical exemption, disability, or religious objection. Id. at 3.

    An individual with documentation of a recent COVID-19 diagnosis or an antibody test showing infection-induced immunity is only eligible to apply for a temporary medical exemption of up to 90 days. Id. at 11. Elaborating on the rationale for that decision, the Vaccine Policy quotes a publication from the U.S. Food and Drug Administration ("FDA") stating that "a positive result from an antibody test does not mean you have a specific amount of immunity or protection from SARS-CoV-2 infection . . . Currently authorized SARS-CoV-2 antibody tests are not validated to evaluate specific immunity or protection from SARS-CoV-2 infection." Id. at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

C.   *Procedural History*

On August 18, 2021, Kheriaty filed his complaint seeking declaratory and injunctive relief based on the alleged unconstitutionality of the Policy. See Compl., Dkt. No. 1. The initial complaint named both the Regents and Drake as defendants. Id. On September 29, 2021, the Court denied Kheriaty's motion for a preliminary injunction. See Order, Dkt. No. 41 (amended version). That same day, Kheriaty voluntarily dismissed the Regents as a defendant. See Dkt. No. 40. On October 18, 2021, Drake submitted the instant motion for judgment on the pleadings. See Mot., Dkt. No. 46.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court should grant a motion for judgment on the pleadings if, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." McSherry v. City of Long Beach, 423 F.3d 1015, 1021 (9th Cir. 2005). The same standard as a Rule 12(b)(6) motion governs a Rule 12(c) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012); United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

In resolving a 12(b)(6) motion, a court uses a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor must a court "accept as true a legal conclusion couched as a factual allegation." Id. at 678–80 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 21-1367 JVS (KESx)     Date   December 8, 2021

Title    Aaron Kheriaty v. Regents of the University of California, et al.

### III. Discussion

    *A.*     *Evidentiary Objections*

As a preliminary matter, the parties disagree over the scope of relevant evidence that is permissible for the Court to consider at this stage. As is the case when ruling on a Rule 12(b)(6) motion, a district court may not consider matters outside the pleadings when evaluating a Rule 12(c) motion without treating it as a motion for summary judgment, with two exceptions. See Fed. R. Civ. P. 12(b)(6); Chavez, 683 F.3d at 1108. First, "a court may consider material which is properly submitted as part of the complaint." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). This exception includes documents that are not physically attached to the complaint if the authenticity is not contested and the complaint necessarily relies on them. Id. Additionally, under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Id. at 688-89; see Fed. R. Evid. 201(b).

Drake filed a request for judicial notice ("RJN") in support of his motion. See RJN, Dkt. No. 47. Kheriaty filed an objection to Drake's RJN. Obj., Dkt. No. 55. Drake requests that the Court take judicial notice of nine publications. The Court considers them in turn.

    *i.*     *Vaccine Policy*

First, Drake requests that the Court take judicial notice of the Vaccine Policy because he argues that Kheriaty's complaint necessarily relies on it. RJN at 2. While Kheriaty does not dispute that taking judicial notice of the existence of the Policy itself is proper, he argues that the Court should deny the RJN to the extent that the Policy makes statements of fact that are contradicted by the allegations in the complaint. Obj. at 2.

The Court will take judicial notice of the authenticity and existence of the Vaccine Policy because it is undisputed that Kheriaty's complaint necessarily relies on the Policy and that Drake submitted an authentic version of the document in question. To the extent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

that the Policy relies on disputed statements of fact, the Court will not take the disputed statements of fact as true. See Lee, 250 F.3d at 689-90 (holding that it was proper for a district to take notice of the fact that a waiver was signed, but not proper to accept that signature as valid); Eidson v. Medtronic, Inc., 981 F. Supp. 2d 868, 878 (N.D. Cal. 2013) ("While matters of public record are proper subjects of judicial notice, a court may take notice only of the authenticity and existence of a particular [record], not the veracity or validity of its contents.").

  *ii. Government Websites*

  Next, Drake requests that the Court take judicial notice of several different publications on the FDA and CDC websites. See RJN at 4-5, Exs. 2-8. A court may "take judicial notice of undisputed and publicly available information displayed on government websites." King v. Cty. of Los Angeles, 885 F.3d 548, 555 (9th Cir. 2018); see Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (holding that it is "appropriate to take judicial notice" of information "made publicly available by government entities" where neither party disputes the authenticity or the accuracy of the information).

  Kheriaty argues that Drake's RJN regarding the governmental websites is improper because the documents are irrelevant and the facts contained within them are disputed. Obj. at 2-3. He also argues that the complaint does not incorporate the government websites by reference because it does not rely on them. Id. at 4-6. A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). The Court agrees with Kheriaty that the doctrine of incorporation by reference does not include Exhibits 2-8 because the complaint does not rely on them.

  However, the Court disagrees with Kheriaty's proposition that the governmental websites are irrelevant. All of these documents were listed in the Vaccine Policy as "Related Information," with links to the corresponding government websites. See Policy at 9. All of these documents contain information that is "made publicly available by government entities." Daniels-Hall, 629 F.3d at 998. Kheriaty disputes the accuracy of the statements of fact contained within the documents, but not the authenticity of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-1367 JVS (KESx)                Date   December 8, 2021

Title   Aaron Kheriaty v. Regents of the University of California, et al.

documents themselves. Thus, the Court takes judicial notice of the existence of the documents but does not accept the factual statements within the documents as true for the purposes of this motion. See United States v. Mitchell, No. CV 14-9771 DMG (PJWx), 2016 WL 857301, at *3 (C.D. Cal. Mar. 4, 2016) (taking judicial notice of the existence of a report on a governmental website "but not the truth of the facts asserted therein" where there is a dispute over accuracy, but not authenticity).

      iii.    *Infectious Diseases Society of America Website*

      Finally, Drake requests that the Court take judicial notice of a publication on the Infectious Diseases Society of America ("IDSA") website. See RJN 5, Ex. 9. In addition to the objections he raised regarding the government websites, Kheriaty argues that this is not the proper subject of judicial notice because IDSA is a private entity, not a government agency. Obj. at 6. In the RJN, Drake avers that the site in question is "funded in part by the [CDC]," and that it is "a collaboration between established medical organizations such as the [IDSA] and the HIV Medical Association." RJN at 5. In response to Kheriaty's objection, he characterizes the website as "a collaboration between the CDC and the [IDSA]." Reply at 4. While this suggests that there is some level of governmental involvement, Drake has not shown that this qualifies as information that is made publicly available by a governmental entity. See Rollins v. Dignity Health, 338 F. Supp. 3d 1025 (C.D. Cal. 2018) (concluding that admitting records from government websites is "the logical extension of the judicial notice rules," but declining to grant judicial notice to the records of private parties). As the IDSA website is neither a governmental record, nor was it incorporated by reference into the complaint, the Court declines to take judicial notice of Exhibit 9.

    B.    *Standard of Review*

      Kheriaty alleges that the Vaccine Policy violates the Equal Protection Clause of the Fourteenth Amendment and violates his substantive due process rights as protected by the Fourteenth Amendment. Compl. ¶¶ 63-87. In response to Kheriaty's motion for a preliminary injunction, the Court found that rational basis review should be applied to the equal protection claim because Kheriaty had not shown that there was a suspect class at issue. See Order at 9. In opposition to this motion, Kheriaty presents no argument that the Policy targets a suspect class, thus the Court will again apply rational basis review to the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

equal protection claim. See Minn. State Bd. of Cmty. Colls. v. Knight, 465 U.S. 271, 291 (1984) (holding that where there is no suspect class at issue, a policy "need only rationally further a legitimate state purpose to be valid under the Equal Protection Clause") (internal quotations omitted).

The Court's earlier ruling also found that rational basis review was the appropriate level of scrutiny for Kheriaty's substantive due process claim. See Order at 8. "To state a prima facie substantive or procedural due process claim, one must, as a threshold matter, identify a liberty or property interest protected by the Constitution." United States v. Guillen-Cervantes, 748 F.3d 870, 872 (9th Cir. 2014). The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." Washington v. Glucksberg, 521 U.S. 702, 720 (1997). Supreme Court jurisprudence "establish[es] a threshold requirement–that a challenged state action implicate a fundamental right–before requiring more than a reasonable relation to a legitimate state interest to justify the action." Id. at 722. The Court found that Kheriaty had not shown that the Vaccine Policy violated any of his fundamental rights, and considered the challenge under rational basis review. Order at 8.

However, in opposition to Drake's motion for judgment on the pleadings, Kheriaty maintains that the Court should apply strict scrutiny because the Vaccine Policy implicates his fundamental right to bodily integrity. Opp'n at 11-17. While Kheriaty presents some new arguments and repeats others made in previous filings, the Court again finds that he has not shown that the Vaccine Policy violates a fundamental right. Below, the Court responds to each of Kheriaty's contentions in turn.

        *i.*    *Careful Formulation of the Interest at Stake*

Kheriaty claims that "the caselaw is clear that the right to bodily integrity is implicated 'regardless of the manner in which the government intrudes upon an individual's body.'" Opp'n at 14 (quoting Guertin v. State, 912 F.3d 907, 919 (6th Cir. 2019)) (emphasis omitted). But adopting that sweeping characterization would ignore the "tradition of carefully formulating the interest at stake in substantive-due-process cases." Glucksberg, 521 U.S. at 722. In Guertin, the court held that the plaintiffs had pled a plausible due process violation of the right to bodily integrity because of lead contamination in the Flint, Michigan drinking water. 912 F.3d at 915-16. The right to be

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

free from government officials knowingly providing contaminated drinking water is easily distinguished from the scenario here where the Vaccine Policy promotes public health and safety by requiring vaccination to access University facilities. See Guertin, 912 F.3d at 922 (distinguishing between the governmental introduction of fluoride into the public water system to prevent tooth decay and the intentional introduction of known contaminants by governmental officials where the "defendants make no contention that causing lead to enter Flint's drinking water was for the public good or that they provided notice").

     Kheriaty also relies on Guertin for the proposition that "any compelled intrusion into the human body implicates significant constitutionally protected . . . interests." Opp'n at 13 (quoting Guertin, 912 F.3d at 919) (emphasis omitted). But a review of the quoted language in its original context in Missouri v. McNeely shows that it is inapposite. 569 U.S. 141, 159 (2013). The excerpted language in McNeely reads in full: "We have never retreated, however, from our recognition that any compelled intrusion into the human body implicates significant, constitutionally protected *privacy* interests." Id. (emphasis added). McNeely considered the privacy interest of a motorist suspected of drunk driving who was suspected of drunk driving. Id. at 146-47. The Fourth Amendment concerns and individual privacy interests relevant to the analysis in McNeely are wholly distinct from the public health concerns at issue here.

     When a plaintiff brings a substantive due process challenge to a governmental policy, a district court is required to carefully formulate the liberty interest at stake. See Glucksberg, 521 U.S. at 722. While courts have found that a fundamental right to bodily integrity does exist in a number of different circumstances, see, e.g., Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1111 (E.D. Cal. 2012) (holding that government action could be found to violate the "fundamental right to life/bodily integrity" where plaintiff alleged that officials intentionally timed the destruction of his shelter to coincide with cold winter months), that does not relieve this Court of the obligation to consider the specific rights implicated by Kheriaty's challenge to the Vaccine Policy.

            ii.     *Vaccination and Fundamental Rights*

     Courts have found that certain medical procedures do implicate a fundamental right to bodily integrity. In Washington v. Harper, the Supreme Court held that "[t]he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-1367 JVS (KESx)  Date  December 8, 2021

Title  Aaron Kheriaty v. Regents of the University of California, et al.

forcible injection of [antipsychotic drugs] into a nonconsenting person's body represents a substantial interference with that person's liberty." 494 U.S. 210, 229 (1990). Other courts have discussed in broad strokes the "fundamental rights to determine one's own medical treatment, to refuse unwanted medical treatment, and a fundamental liberty interest in medical autonomy." Magney v. County of Humboldt, No. 17-CV-02389-HSG, 2018 WL 6460506, at *4 (N.D. Cal. Dec. 10, 2018) (finding that plaintiff stated a claim that refusal to implement his end of life medical treatment plan violated his liberty interest in medical autonomy such that qualified immunity did not protect the state officials); see also Saulsberry v. Maricopa Cty., 151 F. Supp. 2d 1109, 1118 (D. Ariz. 2001) (declining to reach the question of whether a prisoner had the right to withhold consent to catheterization for medical purposes because governmental actors were entitled to qualified immunity on the Fourth Amendment claim).

Yet the fact that some medical procedures implicate fundamental rights does not mean that is true for every medical procedure generally, and vaccination in particular. As in every substantive due process case, the Court is required to carefully formulate the liberty interest at stake here. See Glucksberg, 521 U.S. at 722. Prior courts considering this issue acknowledged that vaccination efforts go beyond treating the individual and provide a public health benefit to the larger community. See Bruesewitz v. Wyeth LLC, 562 U.S. 223, 226 (2011) (Scalia, J.) ("[T]he elimination of communicable diseases through vaccination [is] one of the greatest achievements of public health in the 20th century.") (internal quotations omitted). In Jacobson v. Massachusetts, the Court deferred to the State's decision to enact a law allowing cities to enforce smallpox vaccination, finding that judicial intervention would only be appropriate if the statute had "no real or substantial relation" to public health, morals, or safety despite its purported purpose. 197 U.S. 11, 31 (1905). While Jacobson predates the formalized tiers of review, the Court later acknowledged that it "essentially applied rational basis review." Roman Catholic Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring). Indeed, in the intervening century, courts routinely applied rational basis review when considering challenges to vaccine policies. See Klaasen v. Trs. of Ind. Univ., -- F. Supp. 3d --, 2021 WL 3073926, at *24 (N.D. Ind. July 18, 2021) (collecting cases). Other courts continued to apply that same standard when evaluating challenges to vaccine policies issued during the COVID-19 pandemic. See, e.g., Klaasen, 2021 WL 3073926, at *24; Harris v. Univ. of Mass., – F. Supp. 3d –, 2021 WL 3848012, at *6 (D. Mass. Aug. 27, 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

The courts to consider the issue have applied rational basis review because they consistently found that vaccination does not implicate a fundamental right. See, e.g., Williams v. Brown, – F. Supp. 3d –, 2021 WL 4894264, at *9 (D. Or. Oct. 19, 2021) ("This Court joins [the] growing consensus and concludes that there is no fundamental right under the Constitution to refuse vaccination."). Here, the Vaccine Policy clearly implicates liberty interests that are distinct from what other courts have found to be a fundamental right. Kheriaty is not refusing "lifesaving hydration and nutrition." See Cruzan v. Director, Mo. Dep't of Health, 497 U.S. 261, 278 (1990) (inferring that "a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment"). The state is not seeking to inject him with drugs that have the purpose of "alter[ing] the chemical balance in the patient's brain, leading to changes, intended to be beneficial, in his or her cognitive processes." Washington, 494 U.S. at 229. Kheriaty does not allege that the Vaccine Policy interferes with "a competent adult exercis[ing] his fundamental liberty interest in medical autonomy by making an end-of-life medical treatment plan." Magney, 2018 WL 6460506, at *4. Instead, he is seeking to refuse a vaccine that the University is requiring to protect the broader campus community.

Kheriaty cites to no precedent where a court extended the fundamental right to bodily integrity to encompass vaccination. This Court declines to do so as well.

### iii. Balancing of State Interest and Individual Rights

Finally, Kheriaty argues that courts must balance the right to bodily integrity against state objectives prior to determining whether to apply rational basis review or strict scrutiny. Opp'n at 15-17. This is an incorrect proposition of law. When determining what level of scrutiny to apply, the threshold question asks whether there is a fundamental right at issue, not whether the state's needs outweigh the individuals. See Glucksberg, 521 U.S. at 722.

Some of the cases Kheriaty cites for the proposition that balancing is required simply do not apply the law in that way. See Dragovich v. U.S. Dep't of the Treasury, 764 F. Supp. 2d 1178, 1191 (N.D. Cal. 2011) (determining whether to apply strict scrutiny or rational basis review based on whether the government infringes a

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

fundamental liberty interest). In Klaassen, the court wrote that "[t]o decide whether the students' constitutional rights have been violated . . . the court must balance their liberty against the relevant state interests in accord with the Constitution." Klaassen, 2021 WL 3073926, at *26. Kheriaty cites that excerpt to suggest that the balancing inquiry is a preliminary step before determining the appropriate standard of review. Opp'n at 15-16. But that ignores the fact that the preceding paragraph in Klaassen states that based on the analysis of the rights at issue, "all roads effectively lead to rational basis review." Klaassen, 2021 WL 3073926, at *26.

Alternatively, Kheriaty cites to other cases that do not discuss tiers of scrutiny at all. See Guertin, 912 F.3d 907; Heinrich ex rel. Heinrich v. Sweet, 62 F. Supp. 2d 282, 313 (D. Mass. 1999) (balancing the individual interests against the state interests where plaintiffs alleged that government actors affirmatively misled participants about boron neutron capture therapy and exposed them to radiation for experimental purposes without consent). The use of a different analytical framework in isolated cases that do not address vaccination mandates does not support Kheriaty's contention that a balancing of interests is required before deciding whether to apply rational basis review or strict scrutiny.

The Court holds that Kheriaty has not alleged facts that would support his contention that the Vaccine Policy implicates a fundamental right. Thus, the Court will consider his challenge under rational basis review.

  C. *Application of Rational Basis Review*

The two-tiered rational basis inquiry first asks whether the challenged law has a legitimate purpose, before evaluating whether the challenged law promotes that purpose. Erotic Serv. Provider Legal Educ. and Research Project v. Gascon, 880 F.3d 450, 457 (9th Cir. 2018). When a court applies rational basis review, the governmental policy carries "a strong presumption of validity." F.C.C v. Beach Commc'ns, 508 U.S. 307, 314-15 (1993) (quoting Lehnhuasen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364 (1973)). "Those attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis which might support it.'" Id. That presumption exists "even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." Romer v. Evans, 517 U.S. 620, 632 (1996). The

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

government has "no obligation to produce evidence to sustain the rationality of a statutory classification." Heller v. Doe, 509 U.S. 312, 320 (1993).

This creates "a tension in the interplay between the forgiving standard of a 'plausible' claim under Rule 12(b)(6) and the 'heavy presumption of validity of government conduct inherent in the rational basis standard.'" A.J. California Mini Bus, Inc. v. Airport Comm'n of the City & Cty. of San Francisco, 148 F. Supp. 3d 904, 918 (N.D. Cal. 2015) (internal quotation omitted); see Olson v. California, No. CV 19-10956-DMG (RAOx), 2020 WL 6439166, at *5 (C.D. Cal. Sept. 18, 2020). Thus, while the Court accepts all facts alleged in the complaint as true for the purposes of this motion, those facts must be "sufficient to overcome the presumption of rationality that applies to government classifications." Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir. 1992); see A.J. California Mini Bus, 148 F. Supp. 3d at 918; HSH, Inc. v. City of El Cajon, 44 F. Supp. 3d 996, 1008 (S.D. Cal. 2014); Olson, 2020 WL 6439166, at *5.

The stated purpose of the Vaccine Policy is "to facilitate protection of the health and safety of the University community" from COVID-19. Policy at 2. "Stemming the spread of COVID-19 is unquestionably a compelling interest." Diocese of Brooklyn v. Cuomo, 141 S. Ct. at 67; see Brach v. Newsom, 6 F.4th 904, 924 (9th Cir. 2021) ("Abating the Covid pandemic is not only a legitimate state interest, but a compelling one."). The Court holds that this is sufficient to establish that the Vaccine Policy has a legitimate purpose and satisfies the first step of rational basis review.

Next, the Court turns to the question of whether the Vaccine Policy promotes that purpose. Under rational basis review, courts "do not require that the government's action actually advance its stated purposes, but merely look to see whether the government *could* have had a legitimate reason for acting as it did." Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 66 (9th Cir. 1994). Kheriaty argues that he has alleged that individuals with infection-induced immunity have superior protection to the virus, thus the Vaccine Policy is not rationally related to the goal of public safety. Opp'n at 20-24.

Even accepting the allegations of the complaint as true, the Vaccine Policy still survives rational basis review. The question before the Court is not whether the Vaccine Policy is the best vehicle for achieving the stated goals, but merely whether the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

University could have had a legitimate reason for acting as it did. The face of the Vaccine Policy makes clear that the University considered scientific literature and evidence before deciding to require vaccination. See Policy at 16-17. Additionally, the Vaccine Policy cites to government publications suggesting that a positive antibody test is insufficient to establish immunity. See Policy at 18. Presented with that evidence, it would be reasonable for the University to conclude that a broad vaccine requirement would be necessary even if the allegations in the complaint were true. With half a million members of the University community, it would be rational for the University to conclude that it would not be able to effectively ensure that all individuals had immunity to COVID-19 without requiring vaccination.

Kheriaty asserts that his case should be considered differently because he alleges that he recovered from a confirmed case of COVID-19. See Opp'n at 22 n.2. Even accepting the allegations in the complaint as true, the marginal benefit of vaccination to any specific individual is not the appropriate metric to evaluate the Policy on. Rational basis review does not require that every government policy must be perfectly tailored to its goals. The University is allowed to make regulations that are over or under inclusive without interference from the Court. See Heller, 509 U.S. at 321 ("A classification does not fail rational-basis review because it 'is not made with mathematical nicety or because in practice it results in some inequality.'") (quoting Dandridge v. Williams, 397 U.S. 471, 485 (1970)). The Court finds that the University could legitimately have determined that granting a permanent exemption to individuals like Kheriaty would not be feasible because it would not be able to accurately determine who among the nearly half a million members of the campus community had infection-induced immunity and should be exempted from the vaccination requirement.

Drake has shown that there is a legitimate state interest in stemming the spread of COVID-19, and that the Vaccine Policy is rationally related to furthering that interest. Accordingly, the Court finds that the Vaccine Policy survives rational basis review, and that Kheriaty's Equal Protection claim and substantive due process claims fail as a matter of law.[1]

---

[1] Kheriaty also baselessly implies that the Court may "conclude that because this is an issue of public health policy that it should automatically dismiss the action without going through the proper analysis for constitutional violations." Opp'n at 25. In ruling on this motion, and on Kheriaty's earlier

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-1367 JVS (KESx) | Date | December 8, 2021 |
| Title | Aaron Kheriaty v. Regents of the University of California, et al. | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for judgment on the pleadings. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

motion for a preliminary injunction, the Court faithfully considered the arguments presented, applied binding precedent, and reached a conclusion based on the facts and the law. Just because the Court ruled against Kheriaty, that does not mean that the dismissal was automatic or the review was toothless. It merely shows that Drake did a better job of persuading the Court by presenting more convincing legal theories.