**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON KHERIATY, M.D., | No. 22-55001 |
| Plaintiff-Appellant, | D.C. No. 8:21-cv-01367-JVS-KES |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, a corporation; MICHAEL V. DRAKE, M.D., in his official capacity as President of the University of California, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 9, 2022**
Pasadena, California

Before: MURGUIA, Chief Judge, and PARKER*** and LEE, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Dr. Aaron Kheriaty, a professor at the University of California, Irvine School of Medicine, lost his job because he refused to be vaccinated under the University of California's COVID-19 vaccination policy. That policy required him to receive a COVID-19 vaccine before he could access the school's facilities. Kheriaty challenges the constitutionality of the COVID-19 vaccination policy, claiming it violates his rights under the Fourteenth Amendment's equal protection and due process clauses. The district court dismissed the lawsuit. We review de novo the district court's grant of judgment on the pleadings. *See Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020). We affirm.

1. To start, we hold that the district court—in deciding the motion for judgment on the pleadings—appropriately considered the school's vaccination policy and the government websites cited in that policy. Extrinsic evidence will not convert a motion on the pleadings to a summary judgment motion if (1) the evidence is submitted as part of the complaint, (2) the plaintiff necessarily relies on the evidence, or (3) the court can take proper judicial notice of the evidence. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Here, the district court properly took judicial notice of the school's policy and the government websites; they are matters of public record made available by the government. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Additionally, Kheriaty's complaint necessarily relied on the existence of UC's vaccine policy—

without the policy there would be nothing to challenge. *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

    2. Contrary to Kheriaty's claim, rational basis review—not strict scrutiny—applies here. A court will apply strict scrutiny when the challenged government action infringes on a fundamental right. *Reno v. Flores*, 507 U.S. 292, 301-02 (1993). A fundamental right must be either enumerated in the Bill of Rights or "deeply rooted in this Nation's history and tradition . . . and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (cleaned up). When determining whether an unenumerated right is fundamental, a court defines the liberty interest at issue "in a most circumscribed manner" and examines whether there is a specific historical practice of protecting the defined interest. *Khachatryan v. Blinken*, 4 F.4th 841, 856 (9th Cir. 2021) (quoting *Obergefell v. Hodges*, 576 U.S. 644, 671 (2015)).

    Kheriaty fails to offer any appropriate historical example to establish a "fundamental right" to be free from a vaccine mandate at a workplace. To the contrary, the Supreme Court upheld a much more onerous vaccine requirement in *Jacobson v. Massachusetts*, 197 U.S. 11, 12-13 (1905) (upholding Massachusetts's vaccine mandate that applied to all adults and enforced with financial penalties and criminal charges). Because he has not asserted a fundamental right, rational basis

review should apply. *See Munoz v. Sullivan*, 930 F.2d 1400, 1404 (9th Cir. 1991).

3. Under a rational basis review, Kheriaty's challenge fails. "To determine whether [the school's policy] can survive rational basis review, we apply a two-tiered inquiry. First, we must determine whether the challenged law has a legitimate purpose. . . . Second, we address whether the challenged law promotes that purpose." *Erotic Serv. Provider Legal Educ. & Rsch. Project v. Gascon*, 880 F.3d 450, 457 (9th Cir.), *amended*, 881 F.3d 792 (9th Cir. 2018). This inquiry is the same for both substantive due process and equal protection claims. *Munoz*, 930 F.2d at 1404. Kheriaty challenges only the second part of the inquiry.

He maintains that his scientific studies show that previous COVID-19 infections confer natural immunity and that the school's vaccine policy thus does not advance the health and safety of the university's community. Assuming the validity of his studies' conclusions, as we must, Kheriaty may have a valid policy point in criticizing the school's COVID-19 policy. But under a rational basis review, it is not enough for a party to merely cite scientific studies challenging the government's classification policy. If "there was evidence before the legislature reasonably supporting the classification, litigants may not procure invalidation of the legislation merely by tendering evidence in court that the legislature was mistaken." *See Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 464 (1981). Here, the school cited its own studies that support its vaccination policy—and that

is enough for the policy to survive rational basis review.

**AFFIRMED.**